IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 4:13-cv-147 |
| | § | |
| $203,344.31 SEIZED FROM JP MORGAN | § | |
| CHASE BANK ACCOUNT x4821 | § | |
| Defendant | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of

America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1.      This is an action to forfeit property to the United States for violation of 31 U.S.C.

§ 5324(a).

Defendant In Rem

2.      The defendant property includes monies up to $203,344.31.00 in United States

Currency, located in one bank account (Defendant Property).   The Defendant Property was

seized pursuant to a seizure warrant issued by the Honorable Amos L. Mazzant, United States

Magistrate Judge, on October 12, 2012.

Jurisdiction and Venue

3.      The Court has subject matter jurisdiction over an action commenced by the United

States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. §

1355(a).

4.      The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28

U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

<u>Basis for Forfeiture</u>

6.      The Defendant Property is subject to forfeiture pursuant to 31 U.S.C. § 5317 because it constitutes property involved in a transaction or attempted transaction in violation of 31 U.S.C. § 5324 or is property traceable to such property.

<u>Facts</u>

7.      The Defendant Property is subject to forfeiture based on the following facts:

a.      Eliu Platas (Platas) of Lewisville, Texas, is the owner of Platas Construction, Inc., and E.P. Drilling, Inc, located in Lewisville, Texas.   On February 27, 2012, Platas opened checking account x4821 at J.P. Morgan Chase Bank in Lewisville, Texas.

b.      An examination of x4821 account activity for the 13-week period between March 23, 2012 and June 14, 2012 revealed a total of $224,000 in cash deposits throughout 30 consecutive transactions.   Each deposit was between $2,000 and $9,000.

c.      On June 14, 2012, J.P. Morgan Chase Bank sent Platas a letter informing this that his pattern of cash deposits "potentially gave the appearance of an attempt to evade the CTR reporting requirement" and that the account would be closed if the activity continued.   After the date of the letter, there were four additional cash deposits that were structured in order to avoid the reporting requirement.

d.      A summary of all of the cash deposits is summarized in the following table:

| Date | Cash Deposits into x4821 |
|------|--------------------------|
| 3/23/12 | $6,000 |
| 4/12/12 | $8,000 |
| 4/13/12 | $8,000 |
| 4/16/12 | $9,000 |
| 4/17/12 | $8,000 |
| 4/19/12 | $9,000 |
| 4/20/12 | $8,000 |
| 4/24/12 | $8,000 |
| 4/26/12 | $8,000 |
| 4/30/12 | $8,000 |
| 5/1/12 | $7,000 |
| 5/3/12 | $8,000 |
| 5/7/12 | $8,000 |
| 5/14/12 | $7,000 |
| 5/15/12 | $8,000 |
| 5/16/12 | $8,000 |

| | |
|---|---|
| 5/25/12 | $8,000 |
| 5/30/12 | $8,000 |
| 5/31/12 | $8,000 |
| 6/1/12 | $5,000 |
| 6/4/12 | $7,000 |
| 6/7/12 | $2,000 |
| 6/7/12 | $7,000 |
| 6/8/12 | $6,000 |
| 6/12/12 | $9,000 |
| 6/14/12 | $8,000 |
| 6/15/12 | $7,000 |
| 6/18/12 | $8.000 |
| 6/19/12 | $7,000 |
| 6/20/12 | $8,000 |
| **TOTAL** | **$224,000.00** |

e.      The pattern of deposits x4821 is consistent with structuring deposits in order to avoid or attempt to avoid the filing of Currency Transaction Reports.

f.      On October 2, 2012, during an interview with agents from the Internal Revenue Service, Platas admitted to making multiple deposits under $10,000 because he knew a large deposit of cash would be a red flag to the IRS and the bank.

g.      Using account x4821, Platas structured approximately $224,000.00 in funds, $203,344.31 of which were seized by law enforcement.

Potential Claimants

8.      The only known claimant to the Defendant Property is Eliu Platas, 417 E. Junes Street, Lewisville, Texas.   Eliu Platas is represented by counsel Eric Sunde, 402 Main Street, Suite 3 South, Houston, Texas, 77098.

Claim for Relief

9.      The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

CAMELIA LOPEZ
Assistant United States Attorney
101 East Park Blvd, Suite 500
Plano, Texas 75074
Texas Bar No. 24036990
Tel: (972) 509-1201
Fax: (972) 509-1209
Camelia.Lopez@usdoj.gov

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Ron Bonham, hereby state that:

1.      I am a Task Force Officer assigned to the Internal Revenue Service Criminal
        Investigation North Texas Asset Forfeiture Financial Crimes Task Force.

2.      I have read this Complaint, and the information contained herein is true and
        correct to the best of my knowledge.

3.      The information contained in this Complaint comes from the official files and
        records of the United States, statements from other law enforcement officers, and
        my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Ron Bonham
Task Force Officer
Internal Revenue Service Criminal Investigation

Dated: March 5, 2013.